**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-CV-02776-MSK-KMT

DAVID McKAY
TINA M. McKAY
BRANDON M. McKAY
HAILEY K. McKAY
M.M. (a minor)
C.M. (a minor)

      Plaintiffs,

v.

CRYSTAL SCHWARTZ
JASON VERKUYL
DAVID HEMPEL
MARY ALBEE
JOHN/JANE DOE
THE CITY OF FORT LUPTON, COLORADO, A Colorado Municipal Corporation

      Defendants.

---

### *PROTECTIVE ORDER*
---

The Court having reviewed the Parties' Joint Motion for a Protective Order, being fully advised in the premises, including the stipulation of the Parties, enters the following Protective Order in this matter:

    1.    "Confidential Information" means any document, file portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom – not made available to the public – and designated by one of the attorneys for the Parties in the manner provided in paragraph 3 below as containing Confidential Information, including, but not limited to:

      a.  Information regarding any complaint(s) lodged against any Party or employee of any Party by fellow employees;

      b.  Information regarding any citizen complaint(s) lodged against any Party or employee of any Party;

      c.  Information regarding the investigation into any complaint(s) lodged against any Party or employee of any Party;

      d.  Information regarding the results of the investigation into any complaint(s) lodged against any Party or employee of any Party;

      e.  Any private or personal information contained in the personnel file of any Party or employee of any Party;

      f.  Mental health and medical records including juvenile records;

      g.  School records including juvenile student records, grades, test scores, counselling and disciplinary records;

      h.  Employment records including juvenile employment, disciplinary, and termination records;

      i.  Information including identifiable characteristics regarding third persons, including minors, who are not parties to this litigation;

      j.  Information related to training materials or police activities involving the health, safety and welfare of the general public as well as law enforcement personnel; and

      k.  Information which is not ordinarily made available to the general public.

      3. Counsel for the producing Party will review documents produced and designate information "confidential" only after such review, and based on a good-faith belief that it is entitled to protection.

2. The attorneys for the Parties may object to the designation of particular Confidential Information by giving written notice to the attorney for the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the attorneys for the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the attorney for the party designating the information as confidential to file an appropriate motion within twenty (20) business days after the time the notice is received requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the attorney for the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

3. In the event it is necessary for the attorneys for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in accordance with the requirements of D.C.COLO.LCivR 7.2 The "confidential" designation may be challenged by the Party seeking production which may seek review of the designation if the Parties are not able, in good faith, and after consultation, to resolve the issue.

4.      Where Confidential Information is produced, provided or otherwise disclosed by the attorneys for the Parties in response to any discovery request, it will be designated in the following manner:

a. By imprinting the word "Confidential" on the first page or cover of any document produced;

b. By imprinting the word "Confidential" next to or above any response to a discovery request; and

c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

5.      To the extent that any documents have previously been produced through disclosures or the discovery process, including depositions and responses to written discovery, counsel for any Party may designate any such documents or portions thereof as "Confidential" and subject to this Protective Order.

6.      All Confidential Information provided by the attorneys for the Parties in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

7.      Individuals authorized to review Confidential Information pursuant to this Protective Order include, but are not limited to, the Parties to this action, their undersigned

counsel, their undersigned counsel's employees, retained and consulting experts upon execution of a non-disclosure affidavit, and the Defendants' self-insurance representatives. Each of these individuals shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by Court Order. The parties recognize that the available sanctions for the violation of the protective order include, but are not limited to, the sanctions available under Fed.R.Civ.P. 37(b)(2)(A).

8. By producing any Confidential Information, or testifying on any matter later designated as "Confidential," no Party to this Protective Order waives any objection or challenge to the admissibility of any such Confidential Information.

9. The Party's counsel who discloses Confidential Information to any person not authorized by the protective order to review such information shall ensure that the person reads the protective order and signs the attached affidavit. The party's counsel shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

10. During the pendency of this action, opposing counsel may inspect the list maintained by counsel pursuant to paragraph 9 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable to otherwise identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms deemed appropriate by the Court.

11. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation for work product purposes, including for review by experts in this case. Any such copies shall be made and used solely for purposes of this litigation.

12. During pendency of this litigation, counsel shall retain custody of Confidential Information and copies made therefrom.

13. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order, even after this action is terminated.

14. By agreeing to the entry of this Protective Order, the attorneys for the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

15. Upon termination of this litigation, including any appeals, each Party's counsel shall promptly return to the producing party all Confidential Information provided subject to this Protective Order or provide confirmation that all such information has been destroyed. At that time, counsel shall provide opposing counsel with the list of individuals prepared pursuant to paragraph 9 above.

16. Nothing in this Protective Order shall preclude any attorney for a Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

DATED at Denver, Colorado, this 7th day of April, 2014

      **By the Court:**

      _[signature]_

      Kathleen M. Tafoya
      United States Magistrate Judge

**STIPULATED AND AGREED TO:**

| | |
|---|---|
| s/ *Heidi J. Hugdahl* | s/ *Ingrid J. DeFranco* |
| J. Andrew Nathan | Ingrid J. DeFranco |
| Heidi J. Hugdahl | Law Office of Ingrid J. DeFranco |
| Nathan, Bremer, Dumm & Myers, P.C. | PO Box 128 |
| 7900 East Union Avenue, Suite 600 | Brighton, CO 80601 |
| Denver, Colorado 80237-2776 | Telephone: (303) 443-1749 |
| Telephone: (303) 691-3737 | Fax: (303) 558-4294 |
| Fax: (303) 757-5106 | Email: Ingrid.defranco@gmail.com |
| Emails: anathan@nbdmlaw.com | *Attorney for Plaintiffs* |
|       hhugdahl@nbdmlaw.com | |
| *Attorneys for Defendants, Crystal Schwartz, Jason Verkuyl, David Hempel, Mary Albee and the City of Fort Lupton* | |

# AFFIDAVIT

STATE OF COLORADO )
                               )ss
COUNTY OF                )

_____, swears or affirms and states under penalty of perjury:

1. I have read the Protective Order in *McKay v. The City of Fort Lupton, et al,* Case No. 1:12-cv-02776-MSK-KMT, a copy of which is attached to this Affidavit.

2. I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

3. I promise that I have not and will not divulge or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

4. For the purpose of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5. I will abide by the terms of the Protective Order.

                                                                                       _____
                                                                                        (Signature)

                                                                                       _____
                                                                                       (Print or Type Name)
                                                                                       Address:

                                                                                       _____
                                                                                       _____
                                                                                       Telephone: (_____) _____

*SUBSCRIBED AND SWORN* to before me this ____ day of _____, 2013, by _____.

WITNESS my hand and official seal.

My Commission expires: _____

                                                   _____
                                                   Notary Public

[SEAL]